```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
STAFFORD BROUMAND, M.D.            :
                                   :
              Petitioner,          :     ___ Civ. ___ (___) (___)
                                   :
      -against-                    :     PETITION TO COMPEL COMPLIANCE
                                   :     WITH ARBITRATOR'S SUBPOENAS
JEREMY JOSEPH, PATRICA HAWKINS, SEAN :
GABRIEL, LEIGH SLAUGHTER, and JENNIFER :
A. GREENHALL                       :
              Respondents.         :
                                   :
---------------------------------------------------------------x
```

Petitioner Stafford Broumand, M.D. ("Petitioner"), by and through his attorneys, Kirsch & Niehaus, PLLC, for his Petition against Respondents Jeremy Joseph ("Joseph"), Patricia Hawkins ("Hawkins"), Sean Gabriel ("Gabriel"), Leigh Slaughter ("Slaughter"), Jennifer A. Greenhall ("Greenhall"), (collectively, the "Respondents") alleges as follows:

**PARTIES**

1. Petitioner is an individual who resides in New York, New York and is a citizen of New York. Petitioner is a respected surgeon and investor.

2. Upon information and belief, Respondent Joseph is an individual who resides in Los Angeles, California and is a citizen of California.

3. Upon information and belief, Respondent Hawkins is an individual who resides in Waldorf, Maryland and is a citizen of Maryland.

4. Upon information and belief, Respondent Gabriel is an individual who resides in Great Falls, Virginia and is a citizen of Virginia.

5. Upon information and belief, Respondent Slaughter is an individual who resides in Washington, D.C. and is a citizen of the District of Columbia.

6. Upon information and belief, Respondent Greenhall is an individual who resides in San Diego, California and is a citizen of California.

## JURISDICTION AND VENUE

7. This is a proceeding to enforce arbitration subpoenas arising under Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7 and compelling the attendance of Respondents before an arbitrator sitting in this district.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the arbitrator is sitting in this district.

## FACTS

10. This proceeding arises from an arbitration between Petitioner, on the one hand, and certain individuals and entities, on the other, before the American Arbitration Association titled <u>In the Matter of the Arbitration Between Stafford Broumand, M.D., and Michael Abbot, et al.</u>, AAA Case No. 01-19-0003-3836 (the "Arbitration").

11. In the Arbitration, Petitioner alleges, among other things, that the respondents in the arbitration cheated Petitioner out of his rightful stake in a billion-dollar medical marijuana business. Specifically, Petitioner's claims in the arbitration arise out of the misappropriation of assets, know-how and corporate opportunities of a medical marijuana startup called VentureForth, developed by the parties in the arbitration with the partnership and assistance of Petitioner and other seed investors.

    A. <u>JEREMY JOSEPH</u>

12. On July 20, 2020, in the Arbitration, the arbitrator sitting in this district issued a subpoena pursuant to 9 U.S.C. § 7 compelling the attendance of Joseph before him. This subpoena ordered Joseph to appear at an evidentiary hearing at the offices of Petitioner's counsel in New York, New York and further required Joseph to bring with him documents within his possession that are responsive to the requests on Schedule A of the subpoena.

13. Attached hereto as Exhibit A is a true and correct copy of the subpoena issued by the arbitrator to Joseph and the affidavit of service on him.

14. Joseph retained a lawyer. Through his lawyer, Joseph has taken the position that the subpoena is not valid and that Joseph will not comply.

B. DR. PATRICIA HAWKINS

15. On October 7, 2020, in the Arbitration, the arbitrator sitting in this district issued a subpoena pursuant to 9 U.S.C. § 7 compelling the attendance of Hawkins before him. This subpoena ordered Hawkins "to appear at an evidentiary hearing" at the offices of Petitioner's counsel in New York, New York and further required Hawkins to bring with her documents within her possession that are responsive to the requests on Schedule A of the subpoena.

16. Attached hereto as Exhibit B is a true and correct copy of the subpoena issued by the arbitrator to Hawkins. By telephone with Petitioner's counsel on October 8, 2020, Dr. Hawkins agreed to accept service of the subpoena.

17. On October 8, 2020, Hawkins verbally agreed to search for and provide documents by telephone. However, since that date, Hawkins has refused to comply with the subpoena and more than 14 days have passed since the date of her acceptance of service.

C. SEAN GABRIEL

18. On October 7, 2020, in the Arbitration, the arbitrator sitting in this district issued a subpoena pursuant to 9 U.S.C. § 7 compelling the attendance of Gabriel before him. This subpoena ordered Gabriel to appear at an evidentiary hearing at the offices of Petitioner's counsel in New York, New York and further required Gabriel to bring with him documents within his possession that are responsive to the requests on Schedule A of the subpoena.

19. Attached hereto as Exhibit C is a true and correct copy of the subpoena issued by the arbitrator to Gabriel. By telephone, Gabriel agreed to accept service of the subpoena.

20. Thereafter, Gabriel retained an attorney. Through his lawyer, Gabriel has taken the position that the subpoena is not valid and he will not comply.

D. LEIGH SLAUGHTER

21. On October 7, 2020, in the Arbitration, the arbitrator sitting in this district issued a subpoena pursuant to 9 U.S.C. § 7 compelling the attendance of Slaughter before him. This subpoena ordered Slaughter to appear at an evidentiary hearing at the offices of Petitioner's counsel in New York, New York and further required Slaughter to bring with him documents within his possession that are responsive to the requests on Schedule A of the subpoena.

22. Attached hereto as Exhibit D is a true and correct copy of the subpoena issued by the arbitrator to Slaughter.

23. By telephone with Petitioner's counsel on October 8, 2020, Slaughter agreed to accept service of the subpoena.

24. On October 8, 2020, Slaughter verbally agreed to search for and provide documents by telephone. However, since that date, Slaughter has refused to comply with the subpoena and more than 14 days have passed since the date of her acceptance of service.

E. JENNIFER GREENHALL

25. On July 20, 2020, in the Arbitration, the arbitrator sitting in this district issued a subpoena pursuant to 9 U.S.C. § 7 compelling the attendance of Greenhall before him. This subpoena ordered Greenhall to appear at an evidentiary hearing at the offices of Petitioner's counsel in New York, New York and further required Greenhall to bring with her documents within her possession that are responsive to the requests on Schedule A of the subpoena.

26. Attached hereto as Exhibit E is a true and correct copy of the subpoena issued by the arbitrator to Greenhall and the affidavit of service on her.

27. Greenhall subsequently retained a lawyer. Through her lawyer, Greenhall has taken the position that the subpoena is not valid and she will not comply.

28. The arbitration subpoenas directed to and served on Respondents comply with Rule 45 of the Federal Rule of Civil Procedure.

29. The arbitration subpoenas seek relevant information and are not unduly burdensome. The Respondents named here are or were owners and, in some cases, are also independent contractors of parties named in the Arbitration, and have important information related to the dispute between the parties to the Arbitration.

## COUNT ONE
**(Compel the Attendance of the Respondents under the Federal Arbitration Act)**

30. Petitioner repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth within.

31. Each of the Respondents have been validly served with an arbitration subpoena compelling their attendance at a hearing before an arbitrator sitting in this district.

32. Each of the Respondents have failed to comply with their respective arbitration subpoena.

33. By reason of the foregoing, the court should issue an order compelling compliance with the arbitration subpoenas annexed hereto as Exhibits A-E.

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Issue an order pursuant to 9 U.S.C. § 7 compelling compliance with the arbitration subpoenas annexed hereto as Exhibits A-E.

2. Award the Petitioner such other and further relief as this Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Dated: October 30, 2020
       New York, New York

Respectfully submitted,

**KIRSCH & NIEHAUS, PLLC**
By: /s/ Emily B. Kirsch
    Emily B. Kirsch
    Lisa A. Frey
150 East 58th Street, 22nd Floor
New York, NY 10155
Tel: (212) 832-0170
Email: Emily.Kirsch@kirschniehaus.com
       Lisa.Frey@kirschniehaus.com

*Attorneys for Petitioner Stafford Broumand, M.D.*