UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
STAFFORD BROUMAND, M.D.,                :
                                        :        20-cv-9137 (JSR)
                                        :
          Petitioner,                   :
                                        :              ORDER
            -v-                         :
                                        :
JEREMY JOSEPH, PATRICIA HAWKINS,        :
SEAN GABRIEL, LEIGH SLAUGHTER, and      :
JENNIFER A. GREENHALL,                  :
                                        :
          Respondents.                  :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

     Petitioner Stafford Broumand is a party to an ongoing
arbitration in New York. The arbitrator in that dispute issued
subpoenas directing respondents Jeremy Joseph and Sean Gabriel,
residents of California and Virginia, respectively, to appear at
an evidentiary hearing in Manhattan to provide testimony and
documents. When respondents chose to ignore those arbitral
subpoenas, petitioner filed the instant petition pursuant to 9
U.S.C. § 7 to compel their compliance. The arbitration hearing is
set to begin on February 1, 2021. Respondents now move to dismiss
the petition on the grounds that this Court lacks personal
jurisdiction over them and that the arbitral subpoenas are
otherwise invalid.

     Although the Court had originally thought it could resolve

this matter by January 8, 2021, upon review of the briefs the Court finds that further questions not briefed by the parties need to be addressed. These questions are:

1. Whether, as the Eleventh Circuit recently held, Section 7 of the Federal Arbitration Act ("FAA"), in light of the 2013 amendments to the Federal Rules of Civil Procedure, now permits nationwide service of process. See Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc., 939 F.3d 1145 (11th Cir. 2019) (per curiam).

2. If so, whether, in a proceeding to enforce an arbitral subpoena pursuant to Section 7 of the FAA, the relevant contacts for determining personal jurisdiction are contacts with anywhere in the United States, even where, as here, the case arises not under federal question but diversity jurisdiction. Cf. Gucci Am. v. Li, 768 F.3d 122, 142 n.21 (2d Cir. 2014).

3. Whether the geographical limits found in Federal Rule of Civil Procedure 45(c) apply not only to subpoenas in civil litigation but also to arbitral subpoenas issued under Section 7 of the FAA; and, if so, whether, in light of the Second Circuit's recent decision in Wash. Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126 (2d Cir. 2020), a district court has an obligation or the power under

Rule 45(d)(3)(A)(ii) to quash or modify an arbitral subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c).

4. If so, whether an arbitral subpoena issued under Section 7 of the FAA that compels a non-party to appear not in-person but by videoconference at an evidentiary hearing to provide testimony and produce documents complies with the Second Circuit's rule that an arbitral subpoena may compel the production of documents from a non-party "so long as that person is called as a witness at a hearing." Life Receivables Tr. v. Syndicate 102 at Lloyd's of London, 549 F.3d 210, 218 (2d Cir. 2008).

Since, with the exception of the fourth question, which petitioner briefly addressed, these questions have not been the subject of any briefing, the Court orders supplemental briefing on the following schedule: opening briefs due January 15, 2021, response briefs due January 22, 2021. In addition, the Court will hear telephonic oral argument on the motions on January 27, 2021, at 4:00 p.m.

SO ORDERED.

Dated:    New York, NY
          January 7, 2021

United States District Judge