UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STAFFORD BROUMAND, M.D.

                            Petitioner,

   -against-

JEREMY JOSEPH; PATRICIA HAWKINS;
SEAN GABRIEL; LEIGH SLAUGHTER; and
JENNIFER A. GREENHALL,

                           Respondents.

Case No. 20-cv-9137 (JSR)

**RESPONDENT JEREMY JOSEPH'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PETITION TO COMPEL COMPLIANCE WITH ARBITRATOR'S SUBPOENA**

Respondent Jeremy Joseph ("Joseph"), appearing specially and without submitting to the Court's jurisdiction in this matter, respectfully submits his Supplemental Brief pursuant to the Court's Order dated January 7, 2021, Dkt. No. 33 ("Order"), in connection with his Opposition to Petitioner Stafford Broumand, M.D.'s ("Broumand's") Petition to Compel Compliance with Arbitrator's Subpoena (the "Petition"). The Order requires Joseph's response to four questions, which are set forth below along with Joseph's responses.

1.     Whether, as the Eleventh Circuit recently held, Section 7 of the Federal Arbitration Act ("FAA"), in light of the 2013 amendments to the Federal Rules of Civil Procedure, now permits nationwide service of process. *See Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145 (11th Cir. 2019) (per curiam) ("*Managed Care*").

In *Managed Care*, the Eleventh Circuit held that the 2013 amendments to the Federal Rules of Civil Procedure permit nationwide service of process. *Id.* at 1157 ("Thus, under 9 U.S.C. § 7, the FAA permits nationwide service of arbitral summons"). However, in a more recent case, the

1

Second Circuit called this into question, referencing the "general principle that section 7 [of the Federal Arbitration Act] does not permit 'nationwide service of process.'"  *Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 140 (2nd Cir. 2020) ("*Washington National*").

Joseph respectfully submits that, even if nationwide service is authorized, present circumstances mandate that the Court refrain from exercising personal jurisdiction here. In *Managed Care*, the Eleventh Circuit explained that "[e]ven if a statute authorizes nationwide service of process, due process requires that the district evaluate traditional notions of fairness and reasonableness, by weighing the burdens imposed on the summonsed parties against the federal interest, before exercising personal jurisdiction." 939 F.3d at 1158 (citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 946, 948 (11th Cir. 1997) ("*BCCI*")).

Here, Joseph respectfully submits that the current global COVID-19 pandemic, now exacerbated by a more infectious virus strain, would subject him, as a non-party and resident of California, to an entirely unreasonable and onerous burden if he is required to travel to New York to testify at the arbitration. In fact, local orders largely prevent Joseph from leaving his home. On December 30, 2020, the County of Los Angeles' Department of Public Health entered a Revised Temporary Targeted Safer At Home Order ("Revised Order") "as a response to the sustained and substantial rise in COVID-19 cases, hospitalizations and deaths."[1] The Revised Order was issued "to ensure that County of Los Angeles (County) residents remain in their residences except as necessary to conduct activities specifically permitted in this order, to limits close contact with others outside their household in both indoor and outdoor spaces and to further reduce the risk of community transmission of COVID-19 resulting from the unprecedented surge of new daily cases." Thus, and clearly meeting the standard set forth in *BCCI*, Joseph cannot be compelled to

---

[1] http://publichealth.lacounty.gov/media/Coronavirus/docs/HOO/HOO_SaferatHome_SurgeResponse.pdf (accessed on January 13, 2021).

travel from California to New York in violation of California stay-at-home orders entered in connection with a global pandemic.

2. <u>If so, whether, in a proceeding to enforce an arbitral subpoena pursuant to Section 7 of the FAA, the relevant contacts for determining personal jurisdiction are contacts with anywhere in the United States, even where, as here, the case arises not under federal question but diversity jurisdiction.  Cf. Gucci Am. v. Li, 768 F.3d 122, 142 n. 21 (2d Cir. 2014) ("Li").</u>

In *Li*, the Second Circuit noted that the Seventh and Third Circuits have previously held that "when a civil case arises under federal law and a federal statute authorizes nationwide service of process, the relevant contacts for determining personal jurisdiction are contacts with the United States as a whole."  768 F.3d at 142 n. 21.  The court further noted that the Second Circuit had not yet decided that issue.  *Id*.

Joseph respectfully incorporates his response to question 1 above.  Given the unique and extraordinary circumstances arising out of the global pandemic, and because of his lack of contracts with New York, the Court should not exercise personal jurisdiction over him here.

3. <u>Whether the geographical limits found in Federal Rule of Civil Procedure 45(c) apply not only to subpoenas in civil litigation but also to arbitral subpoenas issued under Section 7 of the FAA; and, if so, whether, in light of the Second Circuit's recent decision in Wash. Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126 (2d Cir. 2020), a district court has an obligation or the power under Rule 45(d)(3)(A)(ii) to quash or modify an arbitral subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c).</u>

Joseph respectfully submits that the geographical limits in Federal Rule of Civil Procedure 45(c) do apply to arbitral subpoenas.  In *Managed Care*, the Eleventh Circuit found that Section 7

of the FAA, albeit "without specifically citing the rule by name," incorporated Rule 45.  939 F.3d at 1158.  (This is with the exception of the venue where motions to compel must be filed, which, under Section 7 of the FAA, is in the district in which the arbitration is seated.  *Id.*)  Courts in this district have similarly denied petitions to enforce subpoenas served on non-parties located beyond Rule 45's geographical limits.  *See, e.g.*, *Ping-Kuo Lin v. Horan Capital Mgmt. LLC*, No. 14-CIV-5202, 2014 WL 3974585 at *1 (S.D.N.Y. Aug. 13, 2014) (holding that an arbitrator may not summons a witness outside of the geographical limit set forth in Rule 45 where the witness "does not regularly conduct business in New York, or have any employees or officers in New York, and its only offices are located in Hunt Valley, Maryland, and Tavernier, Florida, both of which are more than 100 miles from New York").

In *Washington National*, the Second Circuit ruled that the district "properly declined' to rule on the respondents' objections, which objections were based not on the geographical limitation in Rule 45, but on the subpoena's alleged "duplication, overbreadth, undue burden, and privilege."  958 F.3d 126 at 139, 133.  However, the court did not determine whether district courts have the power to rule on such objections, but merely held that the district court below was "not obliged to consider objections based on Rule 45."  *Id*. at 139.  Further, the court noted "respondents' concern that under section 7, they may have no avenue, as non-parties, to obtain judicial review of the arbitration panel's determinations regarding the purportedly objectionable summonses."  *Id*.

Joseph respectfully submits that the Court should rule on his objections to the subpoena under Rule 45 and, in particular, his objection based on Rule 45(c).  The focus of the objections in *Washington National*, which pertained to the subpoena's breadth and scope, were likely properly addressed before an arbitrator familiar with the facts of the dispute and thus appropriately

4

positioned to resolve objections focused on the scope of discovery.  Here, Joseph respectfully submits that the Court may appropriately rule on his objection under Rule 45(c) – it is undisputed that Joseph resides in California (the subpoena at issue lists his address in Los Angeles), and that Joseph's residence is far beyond the 100-mile limitation set forth in Rule 45.  Accordingly, given the fundamental difference between the particular objections raised in *Washington National* and the discrete, clear-cut objection raised by Joseph under Rule 45(c), it is appropriate for this Court to rule on them at this juncture.  Accordingly, Joseph respectfully submits that the Court can and should deny the Petition.

4.  <u>If so, whether an arbitral subpoena issued under Section 7 of the FAA that compels a non-party to appear not in-person but by videoconference at an evidentiary hearing to provide testimony and produce documents complies with the Second Circuit's rule that an arbitral subpoena may compel the production of documents from a non-party "so long as that person is called as a witness at a hearing." *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 218 (2d Cir. 2008) ("*Life Receivables*").</u>

In *Managed Care*, and citing *Life Receivables*, the Eleventh Circuit unequivocally held that "Section 7 [of the FAA] does not authorize district courts to compel witnesses to appear in locations outside the physical presence of the arbitrator, so the court may not enforce an arbitral summons for a witness to appear via video conference."  939 F.3d at 1160; *id.* at 1161 ("we interpret the plain meaning of Section 7 as (1) requiring summonsed non-parties to appear in the physical presence of the arbitrator as opposed to a video conference or teleconference"); *accord Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 407 (3d Cir. 2004) ("Section 7's language unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at

5

that time."). Notably, *Life Receivables*, although not involving the precise issue of non-parties producing documents to a video conference, was cited by the Eleventh Circuit in support of this conclusion. *See* 939 F.3d at 1160. Accordingly, an arbitral subpoena that purports to compel a non-party to appear via video conference does not comply with the Second Circuit's rule in *Life Receivables* and is not enforceable.

     Joseph understands that in his Memorandum of Law responding to Joseph's Objections and Opposition, Broumand raised this issue, and argued that the current global pandemic should not operate to deprive him of testimony and documents for potential use in the arbitration. *See* Dkt. No. 30 at 10. This argument fails for two reasons. <u>First</u>, none of the material cited in the Memorandum of Law concerning the Court's entry of orders in response to the pandemic demonstrates that *Managed Care* has been overturned, suspended, or changed. It has not. <u>Second</u>, as outlined in Joseph's brief, Broumand has been litigating this case for several years, initially in state court and then in arbitration, but delayed until the very last moment in seeking to obtain documents and testimony from Joseph. (Broumand's Memorandum fails to offer any argument in response.) Accordingly, Broumand should not now be heard to complain that he cannot obtain at the proverbial eleventh-hour evidence that he did not seek to obtain during the several years of prior discovery in state court and the instant arbitration. Regardless, and because the Court cannot compel Joseph's attendance via video-conference, the Petition must be denied.

Dated: January 15, 2021                     Respectfully Submitted,

                                                                               /s/

HEATH STEINBECK, LLP
Steven A. Heath (*pro hac vice*)
10675-B Santa Monica Blvd.
Los Angeles, CA 90025
Tel: (213) 335-6245
Fax: (213) 335-6246
saheath@heathsteinbeck.com

SHER TREMONTE LLP
Justin M. Sher
Yu Han
90 Broad Street, 23rd Floor
New York, NY 10004
Tel: (212) 220-2600
Fax: (212) 202-4156
jsher@shertremonte.com
hhan@shertremonte.com

*Attorneys for Jeremy Joseph*